# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-2084V

|  |  |
|---|---|
| JAMES HORVATH, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: December 8, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Elizabeth Hess, Shannon Law Group, Woodridge, IL, Los Angeles, CA, for Petitioner.*

*Alyssa M. Petroff, U.S. Department of Justice, Washington, DC, for Respondent.*

## <u>DECISION ON ATTORNEY'S FEES AND COSTS</u>[1]

On December 18, 2024, James Horvath filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that he suffered a Table injury - shoulder injury related to vaccine administration as a result of the administration of his December 19, 2022 influenza vaccination. Petition, ECF No. 1. On August 26, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 19.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a final motion for attorney's fees and costs, requesting an award of $20,758.65 (representing $19,469.10 in fees plus $1,289.55 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 29, 2025 at ECF No. 23. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses were incurred. ECF No. 23.

Respondent reacted to the Motion reporting that he is satisfied the statutory requirements for an award of final attorneys' fees and costs are met in this case but defers resolution of the amount to be awarded for both interim and final fees, to my discretion. Motions at 2-4, ECF No. 24. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Hourly Rates*

The hourly rates requested by Elizabeth Hess, Jonathan Svitak and supporting paralegals for all time billed herein are reasonable and consistent with our prior determinations and shall be awarded. However, Mr. Joseph Shannon's billing entries reflect the wrong hourly rate for year 2024. *See Wood* v. *Sec'y of Health & Hum. Servs.,* No. 24-0130, Slip Op. 39 (Fed. Cl. Spec. Mstr. June 25, 2025) (awarding attorney Shannon the rate of $531.00 for 2024). I find no reason to deviate from that determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Mr. Shannon's 2024 rate to be consistent with *Wood*. Application of the foregoing reduces the amount of fees to be awarded herein by **$9.50**.[3]

*B. Administrative Tasks*

Upon review of the billing records submitted, it appears that several billing entries charged herein are for tasks considered clerical or administrative. It is well established that administrative work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). And "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). **Accordingly, I deny reimbursement of administrative tasks claimed herein, reducing the amount of fees to be awarded by $270.80.[4]**

---

[3] This amount consists of reducing Joseph Shannon's 2024 rate and is calculated as follows: ($550.00 - $531.00 = $19.00 x 0.50 hours) = $9.50.

[4] This amount consists of the following administrative billing entries: 11/17/23: "Organized new case by converting lead to case on MyCase, setting up folders on server." 12/19/24: "Access HRSA portal and submit filed petition. Complete all requested information related to case. Confirm submission is complete." 1/8/25: "Prepare remaining sets of medical records as exhibits, label and bates stamp in preparation for filing." 1/15/25: "Prepare Duly Plainfield records as exhibit, label and bates stamp." 8/27/25: "File Election to Accept Judgment with the USCFC." Reflecting a combined total of $270.80 in administrative billing entries.

**ATTORNEY COSTS**

Petitioner has provided supporting documentation for all claimed costs. ECF No. 23-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motions for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $20,478.35 (representing $19,188.80 in fees plus $1,289.55 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.